1

2

3

4

5

6

7

8 **UNITED STATES DISTRICT COURT**

9 **CENTRAL DISTRICT OF CALIFORNIA**

10

11 THERMOLIFE INTERNATIONAL, LLC,

Case No:  13-CV-3630 GAF(FFMx)

12 Plaintiff,

Hon. Gary Allen Feess

13 vs.

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

14 REDEFINE NUTRITION, LLC,

**[FED. R. CIV. P. 26(c)]**

15 Defendant

16 REDEFINE NUTRITION, LLC

Counterclaimant,

Action Filed:       December 19, 2012
Trial Date:         None set

17

18 v.

19 THERMOLIFE INTERNATIONAL, LLC,

20 Counterdefendant

21

22

23

24

25

26

27

28

## 1.      GOOD CAUSE STATEMENT

Disclosure and discovery activity in this action are likely to involve production of highly sensitive technical, financial or business information or proprietary information that has not been disseminated to the public at large, which is not readily discoverable by competitors and has been the subject of reasonable efforts by the respective parties to maintain its secrecy, and for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter an order concerning confidentiality under the terms set forth by the parties in this Stipulation. This Stipulation is referred to herein as the "Stipulation" or "Order."  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The parties further acknowledge, as set forth in Section 10, below, that this Order creates no entitlement to file confidential information under seal.

## 2.      DEFINITIONS

2.1      <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2      <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3      <u>Trade Secret</u>: information, including a formula, pattern, compilation, program, device, method, technique, or process that: (i) derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (ii) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy, as set forth in California Civil Code §3426.

2.4     "Confidential" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Fed. R. Civ. P. 26(c) which shall only be disclosed to the parties to this litigation and their respective house (if a party has house counsel) and outside counsels, as set forth in section 7.2 below.  Such information should fall into one or more of the following categories:  (i) sales, marketing, technical or product or service development strategies, tactics or plans; (ii) financial data; (iii) costs of doing business; (iv) customer lists; (v) business agreements and contracts; (vi) licensing negotiations and agreements; and (vi) third-party documents covered by an obligation of confidentiality.

2.5     "Highly Confidential — Attorneys' Eyes Only" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that are extremely sensitive — such as trade secrets or highly sensitive business, financial, technical, research and development, or product plans or developments, including but not limited to information of the type described in paragraph 2.4, above — and whose disclosure to any person other than the parties' respective outside counsel, as set forth in section 7.3 below, would create a substantial risk of injury, including but not necessarily limited to competitive, commercial, economic, and/or marketplace harm that could not be avoided by less restrictive means.

2.6     Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

2.7     Producing Party:  a Party or non-party that produces Disclosure or Discovery Material in this action.

2.8     Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential — Attorneys' Eyes Only."

2.9     Protected Material: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

2.10   <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.11   <u>House Counsel</u>: attorneys who are employees of a Party and who regularly provide legal advice as part of their job duties.

2.12   <u>Counsel (without qualifier)</u>: Outside Counsel and House Counsel (as well as their support staffs).

2.13   <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party's counsel, whether or not such person is paid directly by a Party or its counsel, to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or a current employee of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party.  This definition includes professional graphics, jury, or trial consultants retained in connection with this litigation.  This definition also includes Experts' employees, subcontractors and assistants.

2.14   <u>Professional Vendors</u>: persons or entities that provide litigation support services (*e.g.*, photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

## 3.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

## 4.   DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Stipulation and Order shall remain in effect until a Designating Party

agrees otherwise in writing or a court order otherwise directs. Nothing contained herein, however, is intended to limit or prevent parties from introducing evidence at trial to prove its case. The use of any Protected Material at trial, however, is not addressed at this time, but may be the subject of future application to the District Court Judge assigned to this matter as the need may arise.

## 5.   DESIGNATING PROTECTED MATERIAL

5.1   <u>Exercise of Restraint and Reasonable Care in Designating Material for Protection</u>. Each Party or non-party that designates information or items for protection under this Stipulation and Order must take reasonable care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take reasonable care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulation and Order.

Mass, indiscriminate, or routinized designations, or designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties) are prohibited.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2   <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Stipulation and Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Stipulation and Order must be clearly so designated before the material is disclosed or produced.

1    Designation in conformity with this Order requires:

2    (a)    for information in documentary form (apart from transcripts

3    of depositions or other pretrial or trial proceedings), that the Producing Party affix the

4    legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

5    ONLY" conspicuously on each page that contains protected material.

6    A Party or non-party that makes original documents or materials available for

7    inspection need not designate them for protection until after the inspecting Party has

8    indicated which material it would like copied and produced. During the inspection and

9    before the designation, all of the material made available for inspection shall be deemed

10   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting

11   Party has identified the documents it wants copied and produced, the Producing Party

12   must determine which documents, or portions thereof, qualify for protection under this

13   Order, then, before producing the specified documents, the Producing Party must affix

14   the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

15   ATTORNEYS' EYES ONLY") conspicuously on each page that contains Protected

16   Material.

17   (b)    for testimony given in deposition or in other proceedings, that

18   the Party or non-party offering or sponsoring the testimony identify on the record,

19   before the close of the deposition, hearing, or other proceeding, all protected testimony,

20   and further specify any portions of the testimony that qualify as "HIGHLY

21   CONFIDENTIAL — ATTORNEYS' EYES ONLY."  When it is impractical to identify

22   separately each portion of testimony that is entitled to protection, and when it appears

23   that substantial portions of the testimony may qualify for protection, the Party or non-

24   party that sponsors, offers, or gives the testimony may invoke on the record (before the

25   deposition or proceeding is concluded) a right to have up to 30 days after the date of

26   mailing of the final transcript to identify the specific portions of the testimony as to

27   which protection is sought and to specify the level of protection being asserted

28   ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES

ONLY").  Only those portions of the testimony that are appropriately designated for protection within the 30 day period shall be covered by the provisions of this Order.

Transcript pages containing Protected Material shall be separately bound by the court reporter, who shall affix conspicuously on each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," as instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony.

(c)   for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY."  If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential" or as "Highly Confidential —Attorneys' Eyes Only."

(d)   Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential — Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  If material is appropriately designated as "Confidential" or "Highly Confidential — Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order, subject to the provisions below.  For purposes of this paragraph a corrected designation and notice thereof shall be deemed "timely" if made by the Producing Party within ten (10) business days of the discovery of the inadvertent failure to so designate.

/ / /

/ / /

**6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1    <u>Timing of Challenges</u>.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    <u>Meet and Confer</u>.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party.   In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged, or in the event of non-cooperation attempted to engage, in this meet and confer process first.

6.3    <u>Judicial Intervention</u>.

A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be jointly stipulated and filed pursuant to Local Rule <u>37</u>, unless the circumstances justify the filing of an ex parte application.  Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.  At all times, the burden of proof for upholding entitlement to a particular designation shall rest with the Designating Party.

///

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

**7.     ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1     <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. Following final resolution of the litigation, a Receiving Party shall comply with the provisions of section 11, below (FINAL DISPOSITION). Protected Material shall be stored and maintained by a Receiving Party at a location and in a secure manner that reasonably ensures that access is limited to the persons authorized under this Order.

7.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any <u>information</u> or item designated CONFIDENTIAL only to:

(a)     the Receiving Party's Outside Counsel of record in this action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)     the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d)     the Court and its personnel;

(e)     court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

(f)     during their depositions, the author and named recipients of the document, persons who have previously had access to the documents or

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

Confidential Information other than through discovery or disclosures in the litigation, and the original source of the information.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material shall be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(g)     the author and named recipients of the document, persons who have previously had access to the documents or Confidential Information other than through discovery or disclosures in the litigation, and the original source of the information.

7.3     <u>Disclosure of "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" only to:

(a)     the Receiving Party's Outside Counsel of record in this action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)     Experts (as defined in this Order) to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A),

(c)     the Court and its personnel;

(d)     court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation; and

(e)     during depositions, the author and named recipients of the document, persons who have previously had access to the documents or Confidential Information other than through discovery or disclosures in the litigation, and the original source of the information.

/ / /

/ / /

### 8.   PROSECUTION BAR

Absent written consent from the Producing Party, any individual who actually reviews "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information shall not be involved in the prosecution of patents or patent applications relating to products, formulations or compositions containing, methods of use of or processes directed to an amino acid nitrate or nitrite salt and/or the compound betaine nitrate, including without limitation the patent asserted in this action and any patent or application claiming priority to or otherwise related to the patent asserted in this action and any patent or application claiming priority to or otherwise related to the patent asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office").   For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims.   "Prosecution" as used in this paragraph, includes, for example, participating on behalf of the patentee in original prosecution, reissue or reexamination proceedings, but does not include representing a party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination or *inter partes* reexamination).   This Prosecution Bar shall begin when access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information is first received by the affected individual and shall end two (2) years after final termination of this action.[1]

### 9.   EXPERTS

Only the final version of each expert's report in the above-captioned matter shall be disclosed, and only materials that an expert relied upon in forming the opinions in a final report shall be discoverable.   For the avoidance of doubt, the parties will not seek to discover, and may not discover, the following communications and materials: (i) drafts of expert reports, affidavits, declarations, or written testimony; (ii) written or oral

---

[1] The Prosecution Bar applies to individuals who actually review another party's "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" documents or information pursuant to this Order, and, for example, does not include other attorneys in an individual's law firm who do not actually review such materials.

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

communications (including with counsel for any party) not relied upon by an expert in forming the opinions in the final report, affidavits, declarations, written testimony, or other written materials; and (iii) notes of discussions regarding a draft or final expert report, affidavit, declaration, or written testimony.  An expert's billing rate, total hours worked on the case, and total amount billed shall be discoverable.

## 10.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation or Court proceedings that require disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY," the Receiving Party shall notify the Designating Party, in writing (by fax, if possible) promptly and in no event more than four court days after receiving the subpoena or order but before the scheduled date for production.  Such notification shall include a copy of the subpoena or court order.

The Receiving Party shall also immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation or proceeding that some or all the material covered by the subpoena or order is the subject to this Order.   In addition, the Receiving Party must deliver a copy of this Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material — and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

/ / /

/ / /

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

**11.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

Inadvertent Disclosure: Consistent with Federal Rule of Evidence 502, the inadvertent production of any information claimed to be subject to the attorney-client privilege, the work-product doctrine, or any other privilege is not a waiver of that privilege or protection, either as to the specific information disclosed or as to any other related information, so long as the holder of the privilege took reasonable steps to prevent disclosure and took reasonable steps to rectify the error. Upon reasonably prompt written request of the Person that produced such information, the receiver of such information must promptly return the information and any copies it has within five business days of receipt of the request; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the Party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim.

**12.    FILING PROTECTED MATERIAL**

In the event that counsel for any party decides to file with or submit to the Court any Protected Material, counsel shall take appropriate steps to ensure the continuing confidentiality of the Protected Material.  Counsel for the party seeking to file or submit the Protected Material to the Court shall request that the portion(s) of the document(s) containing the Protected Materials be filed under seal by way of a written application and proposed order, along with the portion(s) of the document(s) submitted for filing under seal, in accordance with the Local Rules.  Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.

**13.    FINAL DISPOSITION**

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party shall return all Protected Material to the Producing Party, or alternatively, destroy it.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations,

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, notes, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4 (DURATION), above.

## 14.   MISCELLANEOUS

14.1  <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

14.2  <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party, waives any right to object on any ground to use in evidence of any of the material covered by this Order.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: October 2, 2013          /S/ FREDERICK F. MUMM
                                FREDERICK F. MUMM
                                UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A
## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ _____[print or type full company name and address], declare under penalty of perjury that I have read in its entirety and understand the Order that was issued by the United States District Court for the Central District of California on _____ [date] in the case of *Thermolife International, LLC v. Redefine Nutrition, LLC* Case No. 13-CV-3630 GAF(FFMx). I agree to comply with and to be bound by all the terms of this Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

14

**STIPULATED PROTECTIVE ORDER**